THEA J. KERMAN (TK-1977)
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone No.:   (212) 213-6116
Telefax No.:      (212) 213-6446
E-mail:            movielaw@hotmail.com


Attorney for Defendant Kellytoy (USA), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| MARVEL ENTERTAINMENT, INC. f/k/a MARVEL ENTERPRISES, INC., a Delaware corporation, and MARVEL CHARACTERS, INC., a Delaware corporation, | 08 CV. 2924 (DC) ECF Case |
| Plaintiffs, | |
| -against- | ANSWER |
| KELLYTOY (USA), INC., | Trial By Jury Demanded |
| Defendant. | |

-------------------------------------------------------------------X

   Defendant Kellytoy (USA), Inc. by its attorney Thea J. Kerman as and for its answer to the complaint:

   1.  Denies the truth of the allegations contained in paragraphs "1," "2," "3" and "4."

   2.  Denies the truth of the allegations contained in paragraph "5" except admits and alleges that the written contracts between plaintiffs and defendant, each of which speaks for itself, and the parties' course of conduct are the best evidence

of the agreements between the plaintiffs and the defendant.

3. Denies that defendant has knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6," "7," "8" and "9" and on that basis denies the allegations of such paragraphs.

4. Admits the truth of the allegations contained in paragraph "10."

5. Denies the truth of the allegations contained in paragraphs "11," "12," "13," "14" and "15" except admits and alleges that the written contracts between plaintiffs and defendant, each of which speaks for itself, and the parties' course of conduct are the best evidence of the agreements between the plaintiffs and the defendant.

6. Denies the truth of the allegations contained in paragraphs "16" and "17" except admits that plaintiffs wrote said letter and sent a copy thereof to defendant.

7. Denies the truth of the allegations contained in paragraphs "18," "21" and "22."

8. Denies the truth of the allegations contained in paragraph "19" except admits and alleges that the written contracts between plaintiffs and defendant, each of which speaks for itself, and the parties' course of conduct are the best evidence of the agreements between the plaintiffs and the defendant.

9. Denies that defendant has knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20"" and on that basis denies the allegations of such paragraph.

10. Denies the truth of the allegations contained in paragraph "23" except

admits and alleges that the written contracts between plaintiffs and defendant, each of which speaks for itself, and the parties' course of conduct are the best evidence of the agreements between the plaintiffs and the defendant.

11. Denies the truth of the allegations contained in paragraph "24" except admits defendant's obligation to provide plaintiffs' auditors with accurate information and to respond to the reasonable, proper and appropriate requests from plaintiffs' auditors for information related to the license agreements between plaintiffs and defendant.

12. Denies the truth of the allegations contained in paragraph "25."

13. With respect to paragraph "26," defendant repeats and realleges its responses to paragraphs "1" through "25" of the complaint.

14. Denies the truth of the allegations contained in paragraphs "27" and "29" except admits and alleges that the written contracts between plaintiffs and defendant, each of which speaks for itself, and the parties' course of conduct are the best evidence of the agreements between the plaintiffs and the defendant.

15. Denies the truth of the allegations contained in paragraphs "28," "30," "31," "32," "33," "35" and "36" and specifically denies that plaintiffs have been damaged in any amount by defendant's conduct, which conduct was appropriate at all times and in accordance with its rights.

16. Denies the truth of the allegations contained in paragraph "34" except admits and alleges that the written contracts between plaintiffs and defendant, each

of which speaks for itself, and the parties' course of conduct are the best evidence of the agreements between the plaintiffs and the defendant.

17.   With respect to paragraph "37," defendant repeats and realleges its responses to paragraphs "1" through "36" of the complaint.

18.   Denies that defendant has knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "38," "39" and "47" and on that basis denies the allegations of such paragraphs.

19.   Denies the truth of the allegations contained in paragraphs "40" and "41" and specifically denies that plaintiffs have been damaged in any amount by defendant's conduct, which conduct was at all times appropriate and in accordance with its rights.

20.   With respect to paragraph "42," defendant repeats and realleges its responses to paragraphs "1" through "41" of the complaint.

21.   Denies the truth of the allegations contained in paragraphs "43," "44," "45," "46," "48," "49," "50" and "51" and specifically denies that plaintiffs have been damaged in any amount or are entitled to any statutory damages as a result of defendant's conduct, which conduct was at all times appropriate and in accordance with its rights, and that plaintiffs are entitled to attorneys' fees or costs; rather defendant is entitled to recover its attorneys' fees and costs incurred in defending this action.

22.   With respect to paragraph "52," defendant repeats and realleges its

responses to paragraphs "1" through "51" of the complaint.

23.  Denies that defendant has knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "53" and "54" and on that basis denies the allegations of such paragraphs.

24.  Denies the truth of the allegations contained in paragraphs "55," "56," "57," "58," "59," "60," "61," "62," "63" and "64" and specifically denies that plaintiffs have been damaged in any amount by defendant's conduct, which conduct was appropriate at all times and in accordance with its rights, that plaintiffs are entitled to any other amounts earned by defendant, that plaintiffs are entitled to any statutory or treble damages, that plaintiffs are entitled to prejudgment or other interest, and that plaintiffs are entitled to attorneys' fees or costs; rather defendant is entitled to recover its attorneys' fees and costs incurred in defending this action.

25.  With respect to paragraph "65," defendant repeats and realleges its responses to paragraphs "1" through "64" of the complaint.

26.  Denies the truth of the allegations contained in paragraphs "66," "67," "68," "69," "70," "71," "72" and "73" and specifically denies that plaintiffs have been damaged in any amount by defendant's conduct, which conduct was appropriate at all times and in accordance with its rights, that plaintiffs are entitled to any other amounts earned by defendant, that plaintiffs are entitled to any statutory or treble damages, that plaintiffs are entitled to a constructive trust on any of defendant's assets and that plaintiffs are entitled to attorneys' fees or costs; rather defendant is

entitled to recover its attorneys' fees and costs incurred in defending this action.

27. With respect to paragraph "74," defendant repeats and realleges its responses to paragraphs "1" through "73" of the complaint.

28. Denies the truth of the allegations contained in paragraphs "75," "76," "77," "78," "79" and "80" and specifically denies that plaintiffs have been damaged in any amount by defendant's conduct, which conduct was appropriate at all times and in accordance with its rights, that plaintiffs are entitled to any other amounts earned by defendant, that plaintiff's are entitled to any statutory or treble damages, and that plaintiffs are entitled to attorneys' fees or costs; rather defendant is entitled to recover its attorneys' fees and costs incurred in defending this action.

### FIRST AFFIRMATIVE DEFENSE

29. The complaint fails to state a claim against defendant.

### SECOND AFFIRMATIVE DEFENSE

30. The claims alleged in the complaint are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

31. Plaintiffs have waived any right they might have had to assert the matters alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

32. Each and every cause of action set forth in the complaint is barred by reason of plaintiffs' acts, omissions, representations, and/or courses of conduct and,

as a result of such acts, omissions, representations, and/or courses of conduct by plaintiffs, under the doctrines of equitable estoppel and/or other legal principles and doctrines, any cause of action asserted by plaintiffs is barred.

### FIFTH AFFIRMATIVE DEFENSE

33. The complaint and each and every purported cause of action asserted therein, is insufficient as plaintiffs' claims are barred as a result of plaintiffs' unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

34. Each, every and all acts of defendant, as alleged in the instant action or otherwise, were not wrongful in any manner.

### SEVENTH AFFIRMATIVE DEFENSE

35. Each, every and all acts of defendant, as alleged in the instant action or otherwise, were fully and completely appropriate and in full accordance with its rights, whether at law or in equity.

### EIGHTH AFFIRMATIVE DEFENSE

36. Every action of defendant, as alleged in the complaint or otherwise, was duly and rightfully undertaken and was not in breach of any right of plaintiffs or of any duty owed by defendant to plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

37. All sales of items identified with any property licensed from plaintiffs were made pursuant to a valid license agreement with plaintiffs or a parent, subsidiary,

affiliate and/or predecessor in interest of plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

38. The contract attached to the complaint as Exhibit A was not the only license agreement between defendant and plaintiffs or a parent, subsidiary, affiliate and/or predecessor in interest of plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

39. Several of the characters purportedly licensed to defendant by plaintiffs, including, without limitation, "Captain America," "The Human Torch" (one of the "Fantastic Four") and "Submariner" (aka "Namor"), are in the public domain inasmuch as they were originally created under the 1909 Copyright Act and they were never properly registered with the United States Copyright Office.

### TWELFTH AFFIRMATIVE DEFENSE

40. Paragraph 3(b) of the license agreements between plaintiffs and defendant is a penalty and, therefore, unenforceable.

### THIRTEENTH AFFIRMATIVE DEFENSE

41. The purported justification for the provisions of Paragraph 3(b) of the license agreements between plaintiffs and defendant no longer applies inasmuch as plaintiffs' Toy Biz division no longer manufactures, sells or distributes toys based upon any comic characters owned by plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

42. All licenses issued by plaintiffs for the items licensed to defendant are

made on a non-exclusive basis, so that defendant's conduct alleged in the complaint cannot have an adverse impact on the market for other licensees or on plaintiffs' business.

### FIFTEENTH AFFIRMATIVE DEFENSE

43. The claims alleged by plaintiffs are allegations of breach of contract and, therefore, plaintiffs claims for copyright and trademark infringement are improper and this Court lacks jurisdiction to resolve the claims asserted in plaintiffs' complaint.

WHEREAS, defendant demands judgment against plaintiff:

(a) dismissing the complaint with prejudice;

(b) awarding defendants their attorneys' fees and costs; and

(c) granting such other relief as the Court deems just and proper.

DATED:   NEW YORK, NEW YORK
           JUNE 4, 2008

                      THEA J. KERMAN

                      By:   /S/
                          Thea J. Kerman (TK-1977)
                          Attorney for Defendant Kellytoy (USA), Inc.
                          100 Wall Street, 23rd Floor
                          New York, New York 10005
                          Telephone No.:   (212) 213-6116
                          Telefax No.:     (212) 213-6446
                          E-mail:          movielaw@hotmail.com