THEA J. KERMAN (TK-1977)
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone No.:   (212) 213-6116
Telefax No.:      (212) 213-6446
E-mail:            movielaw@hotmail.com


Attorney for Defendant Kellytoy (USA), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARVEL ENTERTAINMENT, INC. f/k/a            08 CV. 2924 (DC)
MARVEL ENTERPRISES, INC., a                 ECF Case
Delaware corporation, and MARVEL CHARACTERS,
INC., a Delaware corporation,
                                Plaintiffs,


      -against-                              DEFENDANT'S FIRST
                                             REQUEST FOR
KELLYTOY (USA), INC.,                        PRODUCTION OF
                                             DOCUMENTS_____


                                Defendant.
-----------------------------------------------------------------X


        PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil

Procedure, Defendant requests that plaintiffs produce the documents requested

below in their possession, custody or control within the time provided by the Federal

Rules.  Defendant further requests that said plaintiffs mark for identification each

document produced and furnish an index of all documents and items which are

produced in response to each specific request together with the written response

mandated by FRCP 34(b).

## DEFINITIONS AND INSTRUCTIONS

A.  The Uniform Definition in Discovery Requests in Local Civil Rule 26.3 is hereby adopted.

B.  If a copy of a document is produced rather than the original and the producing party has possession, custody or control of the original, this will be taken to mean a representation that counsel for the producing party has compared the copy with the original and the copy is a true, accurate and complete reproduction of the original.

C.  If any document sought by this request has been destroyed or is otherwise unavailable, such document is to be identified by its date, author, recipient, together with a brief summary of its subject matter.  The reason for its destruction or unavailability is to be set forth.

D.  The documents are to be produced in the form and in the order in which they are maintained and should not in any way be rearranged.

E.  If any document is withheld by reason of a claim of privilege, the document is to be identified by date, author, recipient and subject matter.  A brief statement of the basis of the claim of privilege is to be furnished.

F.  The words "possession or control" mean in the possession or control of you, your agents, attorneys, or any person from whom you might obtain the requested information or document.

2

G.  The word "any" shall include the collective as well as the singular and shall mean "each," "all," and "every" and these terms shall be interchangeable.

H.  This request is to be deemed to be continuing so as to require production of documents and supplemental responses without further request.

## DOCUMENT REQUEST

1.  All license agreements between either and/or both plaintiffs, on the one hand, and defendant, on the other hand.

2.  All amendments and/or modifications to each license agreement between either and/or both plaintiffs, on the one hand, and defendant, on the other hand.

3.  All approvals by either and/or both plaintiffs of any product submitted for approval by defendant.

4.  All documents concerning ownership by either and/or both plaintiffs of all proprietary characters referred to in paragraph 8 of the complaint.

5.  All copyright registrations concerning each proprietary character referred to in paragraph 8 of the complaint.

6.  All documents concerning the allegation in paragraph 8 of the complaint that plaintiffs' business is based on the exploitation of the Marvel Characters (as such term is defined in the complaint) through licensing, publishing, comic books, and television and movie productions.

7.  All documents concerning the allegation in paragraph 8 of the complaint

3

that plaintiffs' business is based on the exploitation of intellectual property other than the Marvel Characters (as such term is defined in the complaint) through licensing, publishing, comic books, and television and movie productions.

8.  All documents concerning the allegation in paragraph 8 of the complaint that plaintiffs' business is based on the exploitation of the Marvel Characters (as such term is defined in the complaint) through "other similar ventures."

9.  All documents concerning the allegation in paragraph 8 of the complaint that plaintiffs' business is based on the exploitation of intellectual property other than the Marvel Characters (as such term is defined in the complaint) through "other similar ventures."

10.  All copyright registrations concerning each character listed on Exhibit "B" to the complaint.

11.  The deposit material submitted by either and/or both plaintiffs to the U.S. Copyright Office in connection with each of the certificates of registration listed on Exhibit "B" to the complaint.

12.  All copyright renewal registrations concerning each character listed on Exhibit "B" to the complaint.

13.  All copyright registrations concerning each of the comic book publications referred to in paragraph 9 of the complaint.

14.  The deposit material submitted by either and/or both plaintiffs in connection with each of the certificates of copyright registration referred to in

4

paragraph 9 of the complaint.

15.   All copyright renewal registrations concerning each comic book publication referred to in paragraph 9 of the complaint.

16.   All trademark registrations listed on Exhibit "C" to the complaint.

17.   All documents concerning either and/or both plaintiffs' first use in interstate commerce of each trademark registration listed on Exhibit "C" to the complaint.

18.   All trademark registrations referred to in paragraph 9 of the complaint.

19.   All documents concerning either and/or both plaintiffs' first use in interstate commerce of each trademark the registration for which is referred to in paragraph 9 of the complaint.

20.   All documents concerning the allegation contained in paragraph 9 of the complaint that merchandising and licensing of either and/or both plaintiffs' intellectual property comprise a substantial portion of either and/or both plaintiffs' annual income.

21.   All trademark registrations for the name "Marvel."

22.   All documents concerning either and/or both plaintiffs' first use in interstate commerce of the trademark "Marvel" in connection with each trademark classification for which either and/or both plaintiffs have registered such name.

23.   All documents showing for each of the last 10 years the portion of each plaintiffs' annual income that was derived from merchandising and licensing.

5

24.  The January 30, 2008 letter to defendant.

25.  All documents concerning the information either and/or both plaintiffs received concerning the allegation that after December 31, 2007 defendant was selling and soliciting orders for Licensed Articles (as that term is defined in the complaint).

26.  All documents concerning the information either and/or both plaintiffs received concerning the allegation that after December 31, 2007 defendant was selling and soliciting orders outside the United States or Canada for Licensed Articles (as that term is defined in the complaint).

27.  All documents concerning the alleged sale or solicitation by defendant of orders from Spain, France, Panama, Nicaragua, Mexico, El Salvador and China for products identified with any intellectual property owned by either and/or both plaintiffs.

28.  All documents concerning the allegation contained in paragraph 17 of the complaint that "the unauthorized sale of such product constitutes a serious violation of US copyright and trademark laws, international laws, and also violates certain other licensees' rights to their use of the Property and other derivative properties."

29.  All documents concerning the allegation contained in paragraph 18 of the complaint that defendant continues to sell products unauthorized by either and/or both plaintiffs.

30. All documents concerning the allegation contained in paragraph 20 of the complaint that either and/or both plaintiffs sent cease and desist notices to defendant's known international distributors.

31. All cease and desist notices sent by either and/or both plaintiffs to defendant and/or third parties concerning defendant.

32. All documents concerning the allegation contained in paragraph 20 of the complaint that defendant never had rights to distribute products identified with any intellectual property owned by either and/or both plaintiffs outside the United States or Canada.

33. All documents concerning the allegation contained in paragraph 20 of the complaint that the defendant falsely asserted that the defendant had the right to distribute outside the United States of Canada products identified with any intellectual property owned by either and/or both plaintiffs.

34. All documents concerning the allegation contained in paragraph 21 of the complaint that at the March 2008 Las Vegas ASD/AMD Trade Show defendant solicited orders for products licensed by either and/or both plaintiffs.

35. All documents concerning the allegation contained in paragraph 21 of the complaint that at the March 2008 New Jersey Shore Show defendant solicited orders for products licensed by either and/or both plaintiffs.

36. All documents concerning the allegation contained in paragraph 22 of the complaint that defendant continues to exploit either and/or both plaintiffs'

7

intellectual property.

37.  All documents concerning the allegation contained in paragraph 25 of the complaint that defendant provided either and/or both plaintiffs' auditors with misleading and incorrect information.

38.  All documents concerning the allegation contained in paragraph 25 of the complaint that defendant continues to provide either and/or both plaintiffs' auditors with misleading and incorrect information.

39.  All documents concerning the allegation contained in paragraph 28 of the complaint that plaintiffs have fully performed under the License Agreement (as such term is defined in the complaint).

40.  All documents concerning the allegation contained in paragraph 30 of the complaint that defendant continues to hold itself out as a licensee of either and/or both plaintiffs.

41.  All documents concerning the allegation contained in paragraph 30 of the complaint that defendant refuses to cease use of any intellectual property owned by either and/or both plaintiffs.

42.  All documents concerning the allegation contained in paragraph 30 of the complaint that defendant refuses to take any steps to disassociate itself from either and/or both plaintiffs.

43.  All documents concerning the allegation contained in paragraph 30 of the complaint that defendant continues to hold itself out as a licensee of either

and/or both plaintiffs.

44.  All documents concerning the allegation contained in paragraph 30 of the complaint that defendant continues to use trade or business names containing the name "Marvel."

45.  All documents concerning the allegation contained in paragraph 30 of the complaint that defendant refuses to furnish any evidence of its compliance with Section 16 of the License Agreement (as that term is defined in the complaint).

46.  All documents concerning the allegation contained in paragraph 30 of the complaint that defendant refuses to cooperate with either and/or both plaintiffs' right to audit defendant.

47.  All documents concerning the allegation contained in paragraph 31 of the complaint that defendant wilfully used any intellectual property owned by either and/or both plaintiffs after the expiration of the rights licensed to defendant.

48.  All documents concerning the allegation contained in paragraph 31 of the complaint that defendant wilfully used any property owned by either and/or both plaintiffs other than intellectual property owned by either and/or both plaintiffs after the expiration of the rights licensed to defendant.

49.  All documents concerning the allegation contained in paragraph 31 of the complaint that defendant made unauthorized use of any intellectual property owned by either and/or both plaintiffs after the expiration of the rights licensed to

9

defendant.

50.  All documents concerning the allegation contained in paragraph 31 of the complaint that defendant made unauthorized use of any property owned by either and/or both plaintiffs other than intellectual property owned by either and/or both plaintiffs after the expiration of the rights licensed to defendant.

51.  All documents concerning the allegation contained in paragraph 31 of the complaint that defendant made unlicensed use of any intellectual property owned by either and/or both plaintiffs after the expiration of the rights licensed to defendant.

52.  All documents concerning the allegation contained in paragraph 31 of the complaint that defendant made unauthorized use of any property owned by either and/or both plaintiffs other than intellectual property owned by either and/or both plaintiffs after the expiration of the rights licensed to defendant.

53.  All documents concerning the allegation contained in paragraph 32 of the complaint that defendant wilfully continued to make unauthorized sales of property containing intellectual property owned by either and/or both plaintiffs outside the territory permitted in the License Agreement (as such term is defined in the complaint) after the expiration of the rights licensed to defendant.

54.  All documents concerning the allegation contained in paragraph 32 of the complaint that prior to December 31, 2007 defendant sold property containing any intellectual and/or other property owned by either and/or both plaintiffs

outside the territory permitted in the License Agreement (as such term is defined in the complaint).

55.  All documents concerning the allegation contained in paragraph 33 of the complaint that defendant wilfully continued to make unauthorized sales of property containing intellectual property owned by either and/or both plaintiffs outside the Channels of Distribution (as such term is defined in the complaint) permitted in the License Agreement (as such term is defined in the complaint) after the expiration of the rights licensed to defendant.

56.  All documents concerning the allegation contained in paragraph 33 of the complaint that prior to December 31, 2007 defendant sold property containing any intellectual property owned by either and/or both plaintiffs outside the Channels Distribution (as such term is defined in the complaint) permitted in the License Agreement (as such term is defined in the complaint).

57.  All documents concerning the allegation contained in paragraph 33 of the complaint that prior to December 31, 2007 defendant sold property containing property owned by either and/or both plaintiffs other than intellectual property owned by either and/or both plaintiffs outside the Channels Distribution (as such term is defined in the complaint) permitted in the License Agreement (as such term is defined in the complaint).

58.  All documents concerning the allegation contained in paragraph 35 of the complaint that defendant is not cooperating with either and/or both plaintiffs'

efforts to audit defendant.

59.  All documents concerning the costs of either and/or both plaintiffs' audit of the defendant as alleged in paragraph 36 of the complaint.

60.  All documents concerning the items allegedly sold by defendant outside the permitted Channels of Distribution (as such term is defined in the complaint).

61.  All documents concerning the amount of defendant's alleged unauthorized net sales.

62. All documents concerning the allegation contained in paragraph 40 of the complaint that defendant failed to cooperate with either and/or both plaintiffs' audit of defendant.

63.  All documents concerning the allegation contained in paragraph 40 of the complaint that defendant provided either and/or both plaintiffs' auditors with misleading and incorrect information.

64.  All documents related to the cost of either and/or both plaintiffs' audit of defendant as alleged in paragraph 41 of the complaint.

65.  All documents concerning damages suffered by either and/or both plaintiffs as a result of defendant's alleged violation of the duty of good faith and fair dealing.

66.  All documents concerning the allegation contained in paragraph 43 of the complaint that either and/or both plaintiffs own all right, title and interest in the

Marvel Characters (as such term is defined in the complaint).

67.  All documents concerning the allegation contained in paragraph 44 of the complaint that either and/or both plaintiffs have complied in all respect with the provisions of the Copyright Act of 1976.

68.  All documents concerning the allegation contained in paragraph 44 of the complaint that either and/or both plaintiffs hold valid copyright registrations in the Marvel Characters (as such term is defined in the complaint).

69.  All documents concerning the allegation contained in paragraph 45 of the complaint that either and/or both plaintiffs own the entire right, title and interest in each of the alleged copyrights listed on Exhibit "B" of the complaint.

70.  All documents concerning the allegation contained in paragraph 45 of the complaint that either and/or both plaintiffs are the exclusive licensee of each of the alleged copyrights listed on Exhibit "B" of the complaint.

71.  All documents concerning the allegation contained in paragraph 46 of the complaint that defendant wilfully, wantonly and intentionally disregarded either and/or both plaintiffs' copyrights.

72.  All documents concerning the allegation contained in paragraph 46 of the complaint that defendant wilfully, wantonly and intentionally disregarded either and/or both plaintiffs' copyrights by selling unauthorized merchandise bearing the artwork, images, likenesses, names and/or characteristics of the Marvel Characters (as such term is defined in the complaint) after December 31,

2007.

73.  All documents concerning the allegation contained in paragraph 46 of the complaint that defendant wilfully, wantonly and intentionally disregarded either and/or both plaintiffs' copyrights by continuing to sell unauthorized merchandise bearing the artwork, images, likenesses, names and/or characteristics of the Marvel Characters (as such term is defined in the complaint) after December 31, 2007.

74.  All documents concerning the allegation contained in paragraph 47 of the complaint that either and/or both plaintiffs believe that defendant will continue to offer for sale merchandise bearing the artwork, images, likenesses, names and/or characteristics of the Marvel Characters (as such term is defined in the complaint) in intentional disregard of the alleged copyrights owned by either and/or both plaintiffs.

75.  All documents concerning the allegation contained in paragraph 48 of the complaint that either and/or both plaintiffs is suffering irreparable harm, damage and injury as a result of defendant's alleged unauthorized and unlicensed exploitation of the Marvel Characters (as such term is defined in the complaint).

76.  All documents concerning the allegation contained in paragraph 48 of the complaint that defendant's alleged unauthorized and unlicensed exploitation of the Marvel Characters (as such term is defined in the complaint) will severely

diminish the value of original works.

77.  All documents concerning the allegation contained in paragraph 48 of the complaint that defendant's alleged unauthorized and unlicensed exploitation of the Marvel Characters (as such term is defined in the complaint) will dilute the market and destroy the distinctiveness of works and their identity as being the exclusive property of either and/or both plaintiffs.

78.  All documents concerning the allegation contained in paragraph 48 of the complaint that defendant's alleged unauthorized and unlicensed exploitation of the Marvel Characters (as such term is defined in the complaint) will enable defendant to profit and benefit.

79.  All documents concerning the damages suffered by either and/or both plaintiffs as a result of defendant's alleged copyright infringement as alleged in paragraph 49 of the complaint.

80.  All documents concerning the attorneys' fees and costs incurred by either and/or both plaintiffs as a result of defendant's alleged infringement of either and/or both plaintiffs' copyrights as alleged in paragraph 50 of the complaint.

81.  All documents concerning the allegation in paragraph 51 that defendant's conduct was wilful and that either and/or both plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

82.  All trademark registrations referred to in paragraph 53 of the complaint.

83. All documents concerning either and/or both plaintiffs' first use in interstate commerce of each trademark registration referred to in paragraph 53 of the complaint.

84. All documents concerning the allegation contained in paragraph 53 of the complaint that either and/or both plaintiffs are the owners of federal trademark registrations for various Marvel Characters (as that term is defined in the complaint).

85. All documents concerning the allegation contained in paragraph 53 of the complaint that either and/or both plaintiffs have used the name "Marvel" in association with comic book publications for over 50 years.

86. All documents concerning the allegation contained in paragraph 53 of the complaint that either and/or both plaintiffs have been the owner of a federal trademark registration for the name "Marvel" since 1969.

87. All documents concerning either and/or both plaintiffs' first use in interstate commerce of the trademark registration for the name Marvel referred to in paragraph 53 of the complaint.

88. All documents concerning the allegation contained in paragraph 53 of the complaint that Marvel Characters (as that term is defined in the complaint) have become highly distinctive and well known throughout the world.

89. All documents concerning the allegation contained in paragraph 53 of the complaint that the name "Marvel" has become highly distinctive and well

16

known throughout the world.

90.  All documents concerning the allegation contained in paragraph 54 of the complaint that either and/or both plaintiffs are the owners of the entire right, title and interest in the alleged trademarks listed on Exhibit "C" of the complaint.

91.  All documents concerning the allegation contained in paragraph 54 of the complaint that either and/or both plaintiffs is the exclusive licensee of the alleged trademarks listed on Exhibit "C" of the complaint.

92.  All documents concerning the allegation contained in paragraph 54 of the complaint that the alleged trademark listed on Exhibit "C" of the complaint that are marked with an asterisk have become incontestable pursuant to 15 U.S.C. § 1065.

93.  All documents concerning the allegation contained in paragraph 55 of the complaint that defendant knew that either and/or both plaintiffs maintained valid United States trademark registrations.

94.  All documents concerning the allegation contained in paragraph 56 of the complaint that defendant wilfully used any trademarks owned by either and/or both plaintiffs without the authorization or consent of either and/or both plaintiffs.

95.  All documents concerning the allegation contained in paragraph 56 of the complaint that defendant continues wilfully to use any trademark owned by either and/or both plaintiffs without authorization or consent of either and/or both plaintiffs.

96. All documents concerning the allegation contained in paragraph 56 of the complaint that defendant's alleged unauthorized use of any trademark owned by either and/or both plaintiffs is likely to cause confusion, mistake or deception among consumers.

97. All documents concerning the allegation contained in paragraph 56 of the complaint that any goods manufactured by defendant are substantially similar or identical to any goods manufactured by either and/or both plaintiffs.

98. All documents concerning the allegation contained in paragraph 56 of the complaint that defendant's conduct constitutes wilful infringement of any trademarks owned by either and/or both plaintiffs in violation of 15 U.S.C. § 1114(1)(a).

99. All documents concerning the allegation contained in paragraph 57 of the complaint that the intentional and knowing use by defendant of any registered trademark owned by either and/or both plaintiffs constitutes intentional use by defendant of a counterfeit mark of goods in violation of 15 U.S.C. § 1117(b).

100. All trademark registrations referred to in paragraph 57 of the complaint.

101. All documents concerning either and/or both plaintiffs' first use in interstate commerce of each trademark registration referred to in paragraph 57 of the complaint.

102. All documents concerning the allegation contained in paragraph 58 of

the complaint that defendant exploited any trademark owned by either and/or both plaintiffs without authorization.

103.  All documents concerning the allegation contained in paragraph 58 of the complaint that defendant intentionally refused to cease its alleged unauthorized exploitation of any trademark owned by either and/or both plaintiffs.

104.  All documents concerning the allegation contained in paragraph 58 of the complaint that defendant's alleged intentional refusal to cease its alleged unauthorized exploitation of any trademark owned by either and/or both plaintiffs caused injury to either and/or both plaintiffs, their operations, reputation and goodwill.

105.  All documents concerning the allegation contained in paragraph 58 of the complaint that defendant's alleged intentional refusal to cease its alleged unauthorized exploitation of any trademark owned by either and/or both plaintiffs caused injury to either and/or both plaintiffs' core business of licensing and merchandising the Marvel Characters (as that term is defined in the complaint).

106.  All documents concerning the allegation contained in paragraph 58 of the complaint that defendant's alleged intentional refusal to cease its alleged unauthorized exploitation of any trademark owned by either and/or both plaintiffs will cause injury in the future to either and/or both plaintiffs, their operations, reputation and goodwill.

107.  All documents concerning the allegation contained in paragraph 58 of

19

the complaint that defendant's alleged intentional refusal to cease its alleged

unauthorized exploitation of any trademark owned by either and/or both plaintiffs

will cause injury in the future to either and/or both plaintiffs' core business of

licensing and merchandising the Marvel Characters (as that term is defined in the

complaint).

108.   All documents concerning the allegation contained in paragraph 59

of the complaint that defendant's alleged infringement of either and/or both

plaintiffs' trademarks has damaged either and/or both plaintiffs entitling either

and/or both plaintiffs to the remedies provided for in 15 U.S.C. §§ 1116 *et seq*.

and 1117.

109.  All documents concerning the damages suffered by either and/or both

plaintiffs as a result of defendant's alleged trademark infringement of either

and/or both plaintiffs' trademarks as alleged in paragraph 59 of the complaint.

110.  All documents concerning the allegation contained in paragraph 60 of

the complaint that either and/or both plaintiffs are entitled under 15 U.S.C. § 1117

to defendant's profits as a result of defendant's alleged intentional infringement of

either and/or both plaintiffs' trademarks.

111.  All documents concerning the damages suffered by either and/or both

plaintiffs as a result of defendant's alleged intentional infringement of either

and/or both plaintiffs' trademarks as alleged in paragraph 61 of the complaint.

112.  All documents concerning the allegation contained in paragraph 62 of

the complaint that either and/or both plaintiffs are entitled under 15 U.S.C. § 1117 to three times defendant's profits or either and/or both plaintiffs' damages as a result of defendant's alleged intentional conduct .

113.  All documents concerning the allegation contained in paragraph 63 of the complaint that either and/or both plaintiffs are entitled under 15 U.S.C. § 1117 to attorneys' fees and costs as a result of defendant's alleged intentional conduct.

114.  All documents concerning the attorneys' fees and costs incurred by either and/or both plaintiffs as a result of defendant's alleged intentional conduct as alleged in paragraph 63 of the complaint.

115.  All documents concerning the allegation contained in paragraph 64 of the complaint that either and/or both plaintiffs are entitled under 15 U.S.C. § 1117 to prejudgment interest as a result of defendant's alleged intentional conduct.

116.  All documents concerning the allegation contained in paragraph 66 of the complaint that defendant's alleged continued unauthorized use of either and/or both plaintiffs' intellectual property constitutes false advertising, false designation of origin, false representations and unfair competition in violation of Section 43(a) of the Lanham Act.

117.  All documents concerning the allegation contained in paragraph 67 of the complaint that defendant's conduct created a false impression and confusion and will deceive members of the public regarding the source, origin, affiliation, sponsorship or approval of the defendant's products.

118.  All documents concerning the allegation contained in paragraph 67 of the complaint that defendant's conduct will continue to create a false impression and confusion and will deceive members of the public regarding the source, origin, affiliation, sponsorship or approval of the defendant's products.

119.  All documents concerning the allegation contained in paragraph 67 of the complaint that defendant's conduct created a false impression and confusion and will deceive members of the public regarding either and/or both plaintiffs' relationship with defendant.

120.  All documents concerning the allegation contained in paragraph 67 of the complaint that defendant's conduct will continue to create a false impression and confusion and will deceive members of the public regarding either and/or both plaintiffs' relationship with defendant.

121.  All documents concerning the allegation contained in paragraph 67 of the complaint that defendant's conduct created a false impression and confusion and will deceive members of the public regarding the advertising, promotion and sale of merchandise purchased from other licensees of either and/or both plaintiffs.

122.  All documents concerning the allegation contained in paragraph 67 of the complaint that defendant's conduct will continue to create a false impression and confusion and will deceive members of the public regarding the advertising, promotion and sale of merchandise purchased from other licensees

of either and/or both plaintiffs.

123.  All documents concerning the allegation contained in paragraph 68 of the complaint that defendant's acts injured either and/or both plaintiffs' image and reputation with consumers.

124.  All documents concerning the allegation contained in paragraph 68 of the complaint that defendant's acts are likely to injure either and/or both plaintiffs' image and reputation with consumers.

125.  All documents concerning the allegation contained in paragraph 68 of the complaint that defendant's acts created confusion about and dissatisfaction with either and/or both plaintiffs' entertainment properties and character merchandise.

126.  All documents concerning the allegation contained in paragraph 68 of the complaint that defendant's acts caused diminution of the value and goodwill associated with either and/or both plaintiffs' intellectual property.

127.  All documents concerning the allegation contained in paragraph 68 of the complaint that defendant's acts caused either and/or both plaintiffs to lose business and profits.

128.  All documents concerning the lost business and lost profits of either and/or both plaintiffs as alleged in paragraph 68 of the complaint.

129.  All documents concerning the allegation contained in paragraph 69 of the complaint that defendant's acts injured either and/or both plaintiffs'

23

reputation, business and relations with the trade.

130.  All documents concerning the allegation contained in paragraph 69 of the complaint that defendant's acts are likely to injure either and/or both plaintiffs' reputation, business and relations with the trade.

131.  All documents concerning the allegation contained in paragraph 69 of the complaint that defendant's acts caused trade dissatisfaction with either and/or both plaintiffs.

132.  All documents concerning the allegation contained in paragraph 69 of the complaint that defendant's acts are likely to cause trade dissatisfaction with either and/or both plaintiffs.

133.  All documents concerning the allegation contained in paragraph 69 of the complaint that defendant's acts resulted in diminution of the value of the goodwill associated with either and/or both plaintiffs' intellectual property.

134.  All documents concerning the allegation contained in paragraph 69 of the complaint that defendant's acts are likely to result in diminution of the value of the goodwill associated with either and/or both plaintiffs' intellectual property.

135.  All documents concerning the allegation contained in paragraph 69 of the complaint that defendant's acts caused either and/or both plaintiffs to lose business and profits.

136.  All documents concerning the lost business and lost profits of either and/or both plaintiffs as alleged in paragraph 69 of the complaint.

24

137.  All documents concerning the alleged exclusive trademark rights of either and/or both plaintiffs referred to in paragraph 70 of the complaint.

138.  All documents concerning the intellectual property of either and/or both plaintiffs referred to in paragraph 70 of the complaint.

139.  All documents concerning the allegation contained in paragraph 70 of the complaint that defendant had actual knowledge of either and/or both plaintiffs' alleged exclusive trademark rights.

140.  All documents concerning the allegation contained in paragraph 70 of the complaint that defendant had actual knowledge of either and/or both plaintiffs' exclusive trademark rights yet defendant continued to use either and/or both plaintiffs' intellectual property.

141.  All documents concerning the allegation contained in paragraph 70 of the complaint that defendant did not have any right to use any of either and/or both plaintiffs' intellectual property after December 31, 2007.

142.  All documents concerning the allegation contained in paragraph 71 of the complaint that defendant's alleged continued use of either and/or both plaintiffs' intellectual property constituted a bad faith, deliberate, intentional and wilful attempt by defendant to trade on either and/or both plaintiffs' business reputation.

143.  All documents concerning the allegation contained in paragraph 71 of the complaint that defendant's alleged continued use of either and/or both

plaintiffs' intellectual property constituted a bad faith, deliberate, intentional and wilful attempt by defendant to confuse or deceive consumers.

144.  All documents concerning the allegation contained in paragraph 71 of the complaint that defendant's alleged continued use of either and/or both plaintiffs' intellectual property constituted a bad faith, deliberate, intentional and wilful attempt by defendant to interfere with either and/or both plaintiffs' business relationship with their customers.

145.  All documents concerning the allegation contained in paragraph 71 of the complaint that defendant's alleged continued use of either and/or both plaintiffs' intellectual property resulted in substantial injury to either and/or both plaintiffs' business.

146.  All documents concerning the damages suffered by either and/or both plaintiffs as alleged in paragraph 71 of the complaint.

147.  All documents concerning the damages suffered by either and/or both plaintiffs' as a direct and proximate result of defendant's alleged infringement as alleged in paragraph 72 of the complaint.

148.  All documents concerning defendant's alleged unlawful conduct as alleged in paragraph 72 of the complaint.

149.  All documents concerning the attorneys' fees and costs incurred by either and/or both plaintiffs as a direct and proximate result of defendant's alleged infringement as alleged in paragraph 72 of the complaint.

150.  All documents concerning the allegation contained in paragraph 73 of the complaint that defendant's conduct was wilful, intentional and without foundation in law.

151.  All documents concerning the allegation contained in paragraph 73 of the complaint that this is an exceptional case under 15 U.S.C. § 1117(a).

152.  All documents concerning the damages suffered by either and/or both plaintiffs as a result of defendant's alleged wilful, intentional and without foundation in law conduct as alleged in paragraph 73 of the complaint.

153.  All documents concerning the attorneys' fees and costs incurred by either and/or both plaintiffs as a result of defendant's alleged wilful, intentional and without foundation in law conduct as alleged in paragraph 73 of the complaint.

154.  All copyright certificates for the copyrights referred to in paragraph 75 of the complaint which defendant is alleged to have infringed.

155.  The deposit material submitted by either and/or both plaintiffs to the U.S. Copyright Office in connection with each of the certificates of registration for each of the copyrights referred to in paragraph 75 of the complaint.

156.  All trademark registrations for the trademarks referred to in paragraph 75 of the complaint which defendant is alleged to have infringed.

157.  All documents concerning either and/or both plaintiffs' first use in interstate commerce of each trademark referred to in paragraph 75 of the

27

complaint which defendant is alleged to have infringed.

158. All documents concerning the allegation contained in paragraph 75 of the complaint that defendant's alleged infringement of either and/or both plaintiffs' copyrights and trademarks are likely to injure either and/or both plaintiffs' business reputation.

159. All documents concerning the allegation contained in paragraph 75 of the complaint that defendant's alleged infringement of either and/or both plaintiffs' copyrights and trademarks will prevent either and/or both plaintiffs from assuring other licensees and/or potential licensees of the Marvel Characters (as that term is defined in the complaint) that such licensees will be protected in certain markets, certain industries or certain channels of distribution from concentrated competition from goods utilizing said characters.

160. All documents concerning the allegation contained in paragraph 75 of the complaint that defendant's alleged infringement of either and/or both plaintiffs' copyrights and trademarks will cause either and/or both plaintiffs to suffer injury to a very crucial part of either and/or both of their business in violation of New York General Business Law § 360-l.

161. All documents concerning the damages suffered by either and/or both plaintiffs as alleged in paragraph 75 of the complaint.

162. All documents concerning the allegation contained in paragraph 76 of the complaint that defendant wilfully infringed on either and/or both plaintiffs'

copyright and trademark rights in the Marvel Characters (as that term is defined in the complaint).

163.  All documents concerning the allegation contained in paragraph 76 of the complaint that defendant wilfully continues to infringe on either and/or both plaintiffs' copyright and trademark rights in the Marvel Characters (as that term is defined in the complaint).

164.  All documents concerning the allegation contained in paragraph 76 of the complaint that defendant wilfully infringed on either and/or both plaintiffs' copyright and trademark rights in the "Marvel" name.

165.  All documents concerning the allegation contained in paragraph 76 of the complaint that defendant wilfully continues to infringe on either and/or both plaintiffs' copyright and trademark rights in the "Marvel" name.

166.  All documents concerning the allegation contained in paragraph 76 of the complaint that defendant knew that its alleged wilful infringement of either and/or both plaintiffs' copyright and trademark rights in the Marvel Characters (as that term is defined in the complaint) would likely cause either and/or both plaintiffs to suffer injury to a very crucial part of their business.

167.  All documents concerning the allegation contained in paragraph 76 of the complaint that defendant should have known that its alleged wilful infringement of either and/or both plaintiffs' copyright and trademark rights in the Marvel Characters (as that term is defined in the complaint) would likely cause

29

either and/or both plaintiffs to suffer injury to a very crucial part of their business.

168.  All documents concerning the allegation contained in paragraph 76 of the complaint that defendant knew that its alleged wilful infringement of either and/or both plaintiffs' copyright and trademark rights in the Marvel name would likely cause either and/or both plaintiffs to suffer injury to a very crucial part of their business.

169.  All documents concerning the allegation contained in paragraph 76 of the complaint that defendant should have known that its alleged wilful infringement of either and/or both plaintiffs' copyright and trademark rights in the Marvel name would likely cause either and/or both plaintiffs to suffer injury to a very crucial part of their business.

170.  All documents concerning the allegation contained in paragraph 77 of the complaint that defendant wrongfully exploited either and/or both plaintiffs' intellectual property.

171.  All documents concerning the damages suffered by either and/or both plaintiffs as a result of defendant's alleged exploitation of either and/or both plaintiffs' intellectual property as alleged in paragraph 78 of the complaint.

172.  All documents concerning the allegation contained in paragraph 79 of the complaint that defendant wrongfully exploited each and/or both plaintiffs' intellectual property.

173.  All documents concerning the allegation contained in paragraph 79 of

the complaint that either and/or both plaintiffs are entitled pursuant to NY CLS General Business Law § 360-m to three times either and/or both plaintiffs' damages as a result of defendant's alleged wrongful exploitation of either and/or both plaintiffs' intellectual property.

174. All documents concerning the allegation contained in paragraph 79 of the complaint that either and/or both plaintiffs are entitled pursuant to NY CLS General Business Law § 360-m to three times defendant's profits as a result of defendant's alleged wrongful exploitation of either and/or both plaintiffs' intellectual property.

175. All documents concerning the allegation contained in paragraph 79 of the complaint that either and/or both plaintiffs are entitled pursuant to NY CLS General Business Law § 360-m to attorneys' fees as a result of defendant's alleged wrongful exploitation of either and/or both plaintiffs' intellectual property.

176. All documents concerning the damages suffered by either and/or both plaintiffs as a result of defendant's alleged wrongful exploitation of either and/or both plaintiffs' intellectual property as alleged in paragraph 79 of the complaint.

177. All documents concerning the attorneys' fees incurred by either and/or both plaintiffs as a result of defendant's wrongful exploitation of either and/or both plaintiffs' intellectual property as alleged in paragraph 80 of the complaint.

178. All correspondence and documents exchanged between each of the

31

plaintiffs and defendant.

179.  All correspondence and documents exchanged between each plaintiff

concerning defendant.

180.  All documents concerning defendant.

DATED:   NEW YORK, NEW YORK
         AUGUST 29, 2008

                            THEA J. KERMAN

                            By:_____/s/_____
                                 Thea J. Kerman (TK-1977)
                                 Attorney for Defendant Kellytoy (USA), Inc.
                                 100 Wall Street, 23rd Floor
                                 New York, New York 10005
                                 Telephone No.:   (212) 213-6116
                                 Telefax No.:      (212) 213-6446
                                 E-mail:           movielaw@hotmail.com